**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NING YANG,<br><br>Petitioner,<br><br>v.<br><br>JEFFREY BUTLER, *in his official capacity as Warden, FCI Lewisburg*,<br><br>Respondent. | No. 4:26-CV-02319<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**OCTOBER 13, 2026**

## I. BACKGROUND

Ning Yang, currently a detainee of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), has filed this 28 U.S.C. § 2241 petition seeking his release from ICE custody.[1] As relevant to the Court's opinion, Yang alleges that his continued confinement absent a significant likelihood of removal in the reasonably foreseeable future violates his constitutional rights.[2]

Yang, a citizen and native of the People's Republic of China, entered the United States of America in 1993 and filed an application for asylum.[3] That application was denied and, by the mid-1990s, Yang was subject to a final order of

---

1 Doc. 1.
2 *Id.* at 17-22.
3 *Id.* at 3.

removal from the United States, but was not taken into ICE custody.[4] In early 2016, Yang was convicted of two counts of cruelty toward a child and one count of neglect of a child and was sentenced to a term of imprisonment.[5]

Upon Yang's release from imprisonment in November of 2017, he was taken into ICE custody.[6] Although the parties disagree on the precise timing, Yang was detained by ICE for some time until he was released from custody after ICE determined that the order of removal could not be executed to due a lack of cooperation from the Chinese government.[7]

Yang remained on release until January 11, 2026, when he was again taken into ICE custody, and he has remained in ICE custody since that date.[8] Yang is currently detained at the Federal Correctional Institution, Lewisburg, located within the Middle District of Pennsylvania.[9]

In August of 2026 Yang filed this 28 U.S.C. § 2241 petition arguing, *inter alia*, that his continued detention violates the Due Process Clause of the United States Constitution.[10] He avers that his detention is presumptively unreasonable and,

---

4 *Id.* at 4; Doc. 7 at 2.
5 Doc. 7 at 2-3.
6 *Id.* at 3.
7 *See id.*; Doc. 1 at 4.
8 Doc. 1 at 4-5; Doc. 7 at 3.
9 Doc. 1 at 1.
10 Doc. 1 at 17-22.

because there is no significant likelihood of his removal in the reasonably foreseeable future, he must be released from ICE custody.[11]

The Government responds that Yang is properly detained on a final order of removal and his removal is likely to occur in the reasonably foreseeable future, and his petition should therefore be denied.[12] Yang has filed a reply brief, rendering this matter ripe for disposition.[13] For the reasons discussed below, the petition will be granted.

## II. DISCUSSION

Yang brings his claim pursuant to 28 U.S.C. § 2241, which provides, as relevant here, that it applies to any individual who is "in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States."[14] As the Supreme Court of the United States has emphasized, when ICE detainees challenge "their confinement" pending removal, "their claims fall within the 'core' of the writ of habeas corpus and thus must be brought in" a 28 U.S.C. § 2241 petition.[15] Yang's claims are therefore properly brought in this petition.[16]

---

11 *Id.*
12 Doc. 7 at 5-11.
13 Doc. 8.
14 28 U.S.C. § 2241(c)(2).
15 *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025).
16 Yang raises several different claims in his petition. However, because this Court resolves the petition based on his due process claim, it need not resolve the remaining claims.

Yang is being detained under the post-removal detention provision of the Immigration and Nationality Act which states, in relevant part, that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')."[17] During the removal period "the Attorney General shall detain the alien."[18] The statute further provides that most individuals "may be detained beyond the removal period."[19]

However, authorizing unlimited detention presents constitutional concerns and, accordingly, in *Zadvydas v. Davis*,[20] the Supreme Court of the United States held that the removal statute "contain[s] an implicit 'reasonable time' limitation, the application of which is subject to federal-court review."[21] The Supreme Court further held that detention of up to six months is presumptively reasonable.[22]

The expiration of that six-month period "does not mean that every alien not removed must be released."[23] Rather, "[a]fter this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence

[17] 8 U.S.C. § 1231(a)(1)(A).
[18] *Id.* § (a)(2)(A).
[19] *Id.* § (a)(6).
[20] 533 U.S. 678 (2001).
[21] *Id.* at 682.
[22] *Id.* at 701.
[23] *Id.*

sufficient to rebut that showing."[24] Consequently, "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future."[25]

It is undisputed that Yang is subject to a final order of removal, and that he has been detained for longer than six months.[26] Moreover, the facts of this case compel the conclusion that there is no significant likelihood of removal in the reasonably foreseeable future and, accordingly, Yang's petition must be granted. While Respondent contends that Yang failed to meet his initial burden of proof that removal is not significantly likely, the Court disagrees.[27] Rather, the record reflects that the Government has been actively trying to remove Yang from the United States for years; he was previously detained by ICE but released after ICE determined that Yang could not be removed due to a lack of cooperation from the Chinese Government.[28]

Moreover, by Respondent's own account, since Yang's most recent detention in January of this year, the Government has attempted without success to obtain travel documents to facilitate Yang's return to China. On February 20, 2026, a travel document request was submitted to the Chinese Government, and an updated request

---

[24] *Id.*
[25] *Id.*
[26] Doc. 7 at 5-6.
[27] *Id.*
[28] Doc. 1 at 4. *See also* Doc. 7-10.

was submitted on March 6, 2026.[29] On July 15, 2026, China informed the United States Government that it could not verify Yang's nationality.[30] As a result, Respondent asserts that ICE "will submit digital travel document request for additional checks" but does not state when this may occur.[31]

Not only has Yang met his initial burden, but Respondent has failed to rebut that showing, and the evidence in totality demonstrates that Yang's removal is not significantly likely in the reasonably foreseeable future.[32] Consequently, Yang's continued detention violates his constitutional rights, and he must be released from custody.[33] When Yang is released ICE must further "restore the conditions of his prior Order of Supervision."[34]

---

29 Doc. 7-10 at 3.

30 *Id.* at 4.

31 *Id.*

32 The fact that the Government has been successful in removing other Chinese nationals, Doc. 7 at 7, does not rebut the evidence demonstrating that it is unlikely to remove Yang in the foreseeable future, given its demonstrated lack of success in that endeavor to date, and the fact that China recently refused the request to provide travel documents for Yang.

33 *See Nguyen v. Sage*, No. 3:26-CV-1661, 2026 WL 2087362, at *4 n.4 (M.D. Pa. July 20, 2026) (noting that release from custody, and not a bond hearing, is the appropriate remedy and collecting cases).

34 *Id.* at *4.

## III. CONCLUSION

For the foregoing reasons, the Court concludes that Respondent has violated Yang's due process rights. Consequently, his petition will be granted, and the Government will be required to release Yang from custody.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge